# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JACOB LANCE PAXMAN,<br><br>      Plaintiffs,<br>v.<br><br>JASON LI, QUEEN STAR TRUCKING, INC., and DOES 1 to 50,<br><br>      Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:17-cv-01290<br><br>District Judge Dale A. Kimball |

  This matter is before the court on Defendants Jason Li and Queen Star Trucking's (collectively "Defendants") Motion to Dismiss for lack of personal jurisdiction. After the Defendants filed the motion to dismiss for lack of personal jurisdiction, the Plaintiff Jacob Lance Paxman filed a motion to transfer venue. On April 25, 2018, the court held a hearing on the motions. At the hearing, the Plaintiff was represented by Kevin D. Swenson and the Defendants were represented by Jeremy S. Stuart. The court took the motions under advisement. Based on the briefing filed by the parties and the law and facts relevant to the pending motion, the court issues the following Memorandum Decision and Order transferring the case to the Western District of Oklahoma.

## BACKGROUND

  On February 16, 2016, Plaintiff Jacob Paxman was a passenger in a car driving on Interstate 40 in McLoud, Oklahoma. Defendant Jason Li was driving one of Defendant Queen Star Trucking's semi-trucks when it collided with the car in which Paxman was a passenger. As a result, Paxman allegedly suffered extensive personal injuries and is now seeking general and specific damages. Paxman is a Utah resident. Li is a resident of Los Angeles, California. Queen

Star Trucking is a California corporation with its principal place of business in Rancho Cucamonga, California.

The Defendants filed a Motion to Dismiss for lack of personal jurisdiction arguing that that they have no contacts with the state of Utah. In response, the Plaintiff filed a Motion to Change Venue to California, where the Defendants are domiciled. The Defendants opposed the Motion to Change Venue to California and argued that the venue should be transferred to the Western District of Oklahoma, where the accident occurred.

## MOTION TO DISMISS

At the hearing, the Plaintiff conceded that general jurisdiction does not exist over the Defendants because the Defendants are not considered "at home" in Utah. The Defendants are a resident of California or incorporated in California and there is no evidence that they conduct business in Utah.

Similarly, there is no evidence to establish specific jurisdiction in Utah. "Where a forum seeks to assert specific jurisdiction over an out-of-state defendant who has not consented to suit there, [the] fair warning requirement is satisfied if the defendant has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp., v. Rudzewicz,* 471 U.S. 462, 472-73 (1985). In this case, the accident occurred in McCloud, Oklahoma and Utah has no connection to this case other than the Plaintiff now resides in Utah. Specific jurisdiction therefore also does not exist over the Defendants in Utah. Accordingly, the Defendants' motion to dismiss for lack of personal jurisdiction is GRANTED. (Dkt. No. 14).

## MOTION TO TRANSFER VENUE

Shortly after the Defendants filed their motion to dismiss the Plaintiff filed a motion to transfer venue to California. The Defendants opposed the motion and argued that the case should instead be either dismissed or transferred to the Western District of Oklahoma. 28 U.S.C. § 1406(a) allows "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

The purpose of 28 U.S.C. § 1406(a) is to avoid dismissal merely because of "an erroneous guess with regard to the existence of some elusive fact of the kind upon which venue provisions often turn." *Goldlawr, Inc., v. Heiman,* 369 U.S. 463, 465 (1962). A typical example of the problem to be avoided is where statute of limitations would bar a claim because of a mistake about proper venue. *Id*. at 466. "In civil cases, the question of whether a litigant has brought an action in the proper court is a question of law, while the question of whether to dismiss or transfer an action filed in an improper venue is within the district court's sound discretion and reviewed for abuse of discretion only." *Ballesteros v. Ashcroft,* 452 F.3d 1153 (10th Cir. 2006).

Here, justice requires the case to be transferred instead of dismissed because the Plaintiff may be barred from refiling his case because of the statute of limitations. The court will therefore exercise its discretion to transfer instead of dismiss this case. Although the Plaintiff seeks to have this case transferred to California, the court agrees with the Defendants that Oklahoma is a more convenient forum. The accident occurred in Oklahoma, and most of the witnesses to the accident are in Oklahoma. The Plaintiff has failed to show how California would be a more convenient forum. Although a Plaintiff generally has the right to choose where to file a case, the Plaintiff has

not provided any support that he should be given deference for where to transfer the case after it has been filed. Accordingly, the court finds that the Western District of Oklahoma is the more convenient forum.

**CONCLUSION**

Based on the above reasoning, the Defendants' Motion to Dismiss (Dkt. No. 14) is GRANTED and the Plaintiff's Motion to Transfer Venue (Dkt. No. 15) is GRANTED in part and is hereby TRANSFERRED to the Western District of Oklahoma.

Dated this 26th day of April, 2018.

BY THE COURT:

_____
DALE A. KIMBALL,
United States District Judge